

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 28, 2020.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 19-51684-cag |
| | § | |
| Walker M. Schmidt, | § | CHAPTER 7 |
| | § | |
| Debtor. | § | |
| | | |
| Berry Contracting LP d/b/a Bay, LTD and | § | |
| Schmidt Oilfield Services Venture, | § | |
| Plaintiffs, | § | |
| | § | ADVERSARY NO. 20-05037-cag |
| v. | § | |
| | § | |
| Walker M. Schmidt, | § | |
| Defendant. | § | |

### ORDER GRANTING DEFENDANT'S
### RULE 12(b)(6) MOTION TO DISMISS (ECF NO. 5)

Came on for consideration the above-numbered adversary proceeding, and, in particular Defendant's Rule 12(b)(6) Motion to Dismiss (ECF No. 5) (the "Motion to Dismiss"). For the reasons stated below, the Motion to Dismiss is GRANTED.

**PROCEDURAL BACKGROUND**

On July 12, 2019, Debtor filed his Voluntary Petition under Chapter 7. (Case No. 19-51684, ECF No. 1). On September 16, 2019, the Court entered an Order Granting the Chapter 7 Trustee's Motion for Extension of Certain Case Deadlines. (Case No. 19-51684, ECF Nos. 11, 12). On April 10, 2020, Plaintiffs filed their Motion to Extend Deadline to Object to Discharge and Dischargeability (the "Motion to Extend") in Defendant's Chapter 7 bankruptcy case. (Case No. 19-51684, ECF No. 36). Defendant filed a Response to the Motion to Extend, objecting to extending the deadline to object to discharge and dischargeability. (Case No. 19-51684, ECF No. 38). On June 2, 2020, the Court conducted a hearing to consider whether cause exists to extend Plaintiffs' deadline for objecting to dischargeability. On May 6, 2020, the Clerk of the Bankruptcy Court, through the Bankruptcy Noticing Center, sent a Notice of Hearing to all parties setting the Motion to Extend for hearing on June 2, 2020 at 9:30 A.M. (Case No. 19-51684, ECF No. 40). On May 29, 2020—prior to the hearing and despite there being no order from the Court granting Plaintiffs' Motion to Extend—Plaintiffs filed their Complaint to Determine Dischargeability (the "Complaint"). (ECF No. 1). Surprisingly, on June 2, 2020, Plaintiffs appeared at the hearing on their Motion to Extend and requested the Court mark the Motion to Extend as moot. The Court granted Plaintiffs' request.[1] On June 9, 2020, Defendant filed his Rule 12(b)(6) Motion to Dismiss (ECF No. 5), and Brief in Support of Motion to Dismiss Complaint to Determine Dischargeability (ECF No. 4). On June 30, 2020, Plaintiffs filed their Response to Defendant's Rule 12(b)(6) Motion to Dismiss (ECF No. 6). On August 4, 2020, the Court conducted a hearing and took the

---

[1] At the hearing on the Motion to Extend, both opposing counsel and the Court intimated concerns that mooting Plaintiffs' Motion to Extend without the Court finding that cause exists for granting an extension to file objections to dischargeability might render Plaintiffs' Complaint untimely. Nevertheless, Plaintiffs insisted the Court mark Plaintiffs' Motion to Extend as moot.

2

matter under advisement. For the reasons stated below, the Court finds Defendant's Motion to Dismiss should be granted.

## DISCUSSION

### A. Standards For Rule 12(b)(6) Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) is made applicable to adversary proceedings by Fed. R. Bankr. P. 7012. When considering a motion to dismiss for failure to state a claim, the court must "accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff." ***Thompson v. City of Waco, Tex.***, 764 F.3d 500, 502–03 (5th Cir. 2014) (citing ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009)). "To survive dismissal, a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" ***Id.*** (quoting ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Iqbal***, 556 U.S. at 678; see also ***Twombly***, 550 U.S. at 570 (holding complaint must allege enough facts to move the claim "across the line from conceivable to plausible"). Determining whether the plausibility standard is met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." ***Iqbal***, 556 U.S. at 679; *see also* ***Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys***, 675 F.3d 849, 854 (5th Cir. 2012) (en banc) ("Our task, then, is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.").

Normally, in ruling on a Rule 12(b)(6) motion to dismiss, the Court cannot look beyond the pleadings, and must "accept[ ] as true those well-pleaded factual allegations in the complaint." ***Hall v. Hodgkins***, 305 F. App'x. 224, 227–28 (5th Cir. 2008); ***Cinel v. Connick***, 15 F.3d 1338, 1341 (5th Cir. 1994); ***Test Masters Educ. Serv., Inc. v. Singh***, 428 F.3d 559, 570 (5th Cir. 2005). In addition to facts alleged in the pleadings, however, the Court "may also consider matters of

which [it] may take judicial notice." ***Lovelace v. Software Spectrum, Inc.***, 78 F.3d 1015, 1017–18 (5th Cir. 1996); *see* Fed. R. Evid. 201(f) ("Judicial notice may be taken at any stage of the proceeding."). Further, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." ***Norris v. Hearst Tr.***, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *see also* ***Cinel***, 15 F.3d at 1343 n. 6 ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record."). Therefore, if a successful affirmative defense appears based on the facts pleaded and judicially noticed, then dismissal under Rule 12(b)(6) is proper. ***Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.***, 20 F.3d 1362, 1366 (5th Cir.1994).

Here, it is a matter of public record, and the Court takes judicial notice that the date set for the first meeting of the creditors was August 20, 2019. (Case No. 19-51684, ECF No. 3, at ¶ 7) Accordingly, under Fed. R. Bankr. P. 4007(c)[2] the original deadline for filing a complaint to object to dischargeability was October 21, 2019. (Case No. 19-51684, ECF No. 3, at ¶ 9). On September 16, 2019, the Court entered an Order Granting the Chapter 7 Trustee's Motion for Extension of Certain Case Deadlines (Case No. 19-51684, ECF Nos. 11, 12). As a result of that Order, the deadlines for filing objections to discharge under § 727 and objections to the dischargeability of particular debts under § 523 were extended to 60 days after the conclusion of the meeting of creditors. (*Id.*). Debtor's § 341 meeting was continued multiple times—ultimately concluding on February 19, 2020. As such, the deadline for filing an objection to discharge or dischargeability was April 18, 2020. Thereafter, on April 10, 2020 Plaintiffs' Motion to Extend was timely filed. (Case No. 19-51684, ECF No. 36). Nevertheless, before the Court had opportunity to rule on the Motion to Extend, Plaintiffs filed their Complaint on May 29, 2020—forty-one days after the extended deadline ran. (ECF No. 1). Further, the Court was never afforded an opportunity to rule

---

[2] All references to a "Rule" hereinafter shall be in reference to the Federal Rules of Bankruptcy Procedure.

4

on Plaintiffs' Motion to Extend which was marked moot—at Plaintiffs' request—at the hearing on June 2, 2020. Accordingly, the issue becomes whether Plaintiffs' Motion to Extend —which was mooted before the Court had opportunity to determine if cause was shown to extend the deadline— preserves Plaintiffs' filing deadline. It does not.

**B. Fed. R. Bankr. P. 4004(b) Does Not Indefinitely Suspend Deadlines to File Objections To Dischargeability**

The Federal Rules of Bankruptcy Procedure specify and established the controlling time prescriptions for objections to discharge. 28 U.S.C. § 2075; ***Kontrick v. Ryan***, 540 U.S. 443, 453 (2004). Moreover, one of the primary purposes of the Federal Rules of Bankruptcy Procedure is to "instruct the court on the limits of its discretion to grant motions for complaint-filing-time enlargements." ***Kontrick***, 540 U.S. at 456. Rule 4007(c) governs the time for filing objections to discharge under 11 U.S.C. § 523, stating: "a complaint to determine the dischargeability under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Rule 4004(b)(1) governs extensions to objections to discharge, stating: "On motion of any party in interest, after notice and hearing, the court may for cause extend time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired."

Based on the plain language of Rules 4004(b) and 4007(c), the Court finds several requirements are necessary when determining whether a motion to extend time to object to dischargeability should be granted or denied: (1) a party in interest must file a motion; (2) other parties in interest must receive notice; (3) the motion to extend must be filed within 60 days after the first date set for the § 341 meeting or before the deadline provided in an order that extends time to file a complaint objecting to discharge or dischargeability, unless an exception exists under Rule 4004(b)(2); (4) the Court must conduct a hearing; and (5) after hearing, the Court must determine

5

whether cause exists to grant the requested extension. Here, it is undisputed that elements one, two, and three were satisfied. Moreover, the Court held a hearing on Plaintiffs' Motion to Extend. Nevertheless, the Court was never afforded the opportunity to rule on Plaintiff's Motion to Extend because—instead of showing cause as to why Plaintiffs' extension should be granted—Plaintiffs requested the Court mark their Motion to Extend as moot. In response, Defendant filed his Motion to Dismiss, arguing that without a Court order extending Plaintiffs' deadline to object to dischargeability, Plaintiffs' Complaint is untimely and should be dismissed. Defendant is correct.

Plaintiffs' response and arguments against the Motion to Dismiss rely on three primary cases: (1) *In re McCormack,* 244 B.R. 203 (Bankr. D. Conn. 2000); (2) *Coggin v. Coggin (In re Coggin)*, 30 F.3d 1443 (11th Cir. 1994), *abrogated by* *Kontrick v. Ryan*, 540 U.S. 443 (2004); and (3) *Kontrick v. Ryan*, 540 U.S. 443 (2004). Plaintiffs argue each case supports their theory that merely filing a motion to extend time to object to dischargeability "suspends" the objection deadline—perhaps indefinitely. The Court disagrees and notes such a rule would have perverse consequences on the bankruptcy process—rendering objections deadlines almost meaningless. Fortunately, neither *McCormack*, *Coggin*, or *Kontrick* espouse such a rule.

Instead, both *McCormack* and *Coggin* address the timeliness of motions to extend the deadline to object to dischargeability. *McCormack* addresses timing differences between extensions for objections to dischargeability as opposed to extensions for objection to exemptions. 244 B.R. at 203. While extensions for objecting to exemptions must be both filed and granted prior to the deadline, extensions for objection to dischargeability must only be filed prior to the deadline. *Id.* at 208. Unfortunately for Plaintiffs, *McCormack* also acknowledges the Rules only allow granting an extension for objecting to dischargeability "upon a demonstration of cause." *Id.* Similarly, *Coggin* addresses when a motion to extend objections to dischargeability is "made." 30

6

F.3d at 1450. *Coggin* recognizes objections to dischargeability filed after the deadline relate back to the date the motion to extend the deadline to object to dischargeability was filed.

Here, no one disputes Plaintiff's Motion to Extend was timely. Therefore, arguably, if cause was shown and the Court granted Plaintiffs' Motion to Extend, then Plaintiffs' untimely filed Complaint would relate back to when their Motion to Extend was made. Unfortunately, the Court was never afforded opportunity to rule on Plaintiffs' Motion to Extend. Instead, at the June 2, 2020 hearing on Plaintiffs' Motion to Extend, Plaintiffs requested the Court moot the Motion to Extend rather than show cause as to why their Motion to Extend should be granted. With no order finding cause shown and granting Plaintiffs' Motion to Extend, there is nothing in the record to which Plaintiffs' untimely filed Complaint can relate back.

While *McCormack* and *Coggin* address timeliness under Rule 4004, *Kontrick* addresses timeliness of raising Rule 4004 as a defense. 540 U.S. 443 (2004). *Kontrick* holds that "a debtor forfeits the right to rely on Rule 4004 if the debtor does not raise the Rule's time limitation before the bankruptcy court reaches the merits of the creditor's objection to discharge." *Id.* at 447. The Court finds Plaintiffs' reliance on *Kontrick* is also misplaced, as that is precisely the opposite of what occurred in this case. Rather than raising this issue after the Court assessed the merits of Plaintiffs' complaint, Defendant challenged the timeliness of Plaintiffs' Complaint from the outset.

Based on the Order Granting the Trustee's Motion for Extension of Certain Case Deadlines (Case No. 19-51684, ECF Nos. 11, 12) the deadlines for filing objections to discharge under § 523 were extended to April 18, 2020. On May 29, 2020, Plaintiffs' filed their Complaint. (ECF No. 1). Plaintiffs' timely filed Motion to Extend was mooted at Plaintiffs' request—effectively rendering the Court unable to make a finding whether causes exists to extend the filing deadline or rule on Plaintiffs' Motion to Extend. With no Motion to Extend for which Plaintiffs' Complaint

7

can relate back to, the Court finds Plaintiffs' Complaint is untimely. Accordingly, the Court finds Defendant's Rule 12(b)(6) Motion to Dismiss (ECF No. 5) should be granted.

## CONCLUSION

For the reasons stated above, it is ORDERED that Defendant's Rule 12(b)(6) Motion to Dismiss (ECF No. 5) is GRANTED.

# # #